**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

WILLIAM R. McCUMBERS,

                              Plaintiff,

   v.                                                     No. 01-CV-530
                                                           (DNH/DRH)

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| BINDER AND BINDER, P.C.<br>Attorney for Plaintiff<br>215 Park Avenue South<br>6th Floor<br>New York, New York 10003 | CHARLES E. BINDER, ESQ. |
| HON. GLENN T. SUDDABY<br>United States Attorney for the<br>   Northern District of New York<br>Attorney for Defendant<br>100 South Clinton Street<br>Syracuse, New York 13261-7198 | WILLIAM H. PEASE, ESQ.<br>Assistant United States Attorney |

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

    Plaintiff William R. McCumbers ("McCumbers") brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security ("Commissioner") denying his application for benefits under the Social Security Act. McCumbers moves for a finding of disability and the Commissioner cross-moves for a judgment on the pleadings. Docket Nos. 8, 12. For the reasons which follow, it is

---

    [1]This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(d).

recommended that the Commissioner's decision be affirmed and McCumbers' motion for a finding of disability be denied.

## I. Procedural History

On January 9, 1998, McCumbers filed an application for disability insurance benefits pursuant to the Social Security Act, 42 U.S.C. § 401 et seq. T. 74-75.[2] That application was denied after the initial determination and following reconsideration. T. 74-79, 81-83. McCumbers requested a hearing before an administrative law judge (ALJ), T. 84, which was held before ALJ Franklin T. Russell on April 28, 1999. T. 39-73. McCumbers was represented by counsel. T.39. In a decision dated September 13, 1999, the ALJ denied McCumbers' claims. T.18-30.  On February 22, 2001,  the Appeals Council denied McCumbers' request for review, thus making the ALJ's findings the final decision of the Commissioner. T. 10. This action followed.

## II. Contentions

McCumbers contends that the ALJ erred when he (1) found that McCumbers' impairments did not meet the twelve-month durational requirement, (2) failed to consider the combined effect of McCumbers' impairments, (3) failed properly to evaluate the opinion of the treating source, and (4) mischaracterized McCumbers' subjective complaints in finding them not credible. The Commissioner contends that there was substantial evidence to support the determination that McCumbers was not disabled.

---

[2] "T." followed by a number refers to the revised administrative transcript filed by the Commissioner.  Docket No. 6.

2

### III. Facts

The facts contained in McCumbers' brief under the heading "Statement of Facts" (Docket No. 8) are adopted and are not disputed by the Commissioner except for the conclusions drawn therein. Def. Mem. of Law (Docket No. 12) at 2. McCumbers is currently forty-four years old, T. 74, and previously worked as a communications technician and a line electrician. T. 43-44, 122-25.

### IV.  Standard of Review

#### A. Disability Criteria

A claimant seeking disability benefits must establish that "he [or she] is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A) (2003).  In addition, the claimant's impairments must be of such severity that he or she is not able to do previous work or any other substantial gainful work considering the claimant's age, education, and work experience, regardless of whether such work exists in the immediate area, whether a specific job vacancy exists, or whether the claimant would be hired if he or she applied for work. 42 U.S.C. § 1382c(a)(3)(B) (2003).

The Commissioner uses a five-step process, set forth in 20 C.F.R. § 416.920, to evaluate SSI disability claims:

> First, the [Commissioner] considers whether the claimant is currently
> engaged in substantial gainful activity.  If he [or she] is not, the
> [Commissioner] next considers whether the claimant has a 'severe
> impairment' which significantly limits his [or her] physical or mental ability to

3

>do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him [or her] disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a 'listed' impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he [or she] has the residual functional capacity to perform his [or her] past work. Finally, if the claimant is unable to perform his [or her] past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982); see 20 C.F.R. § 416.920 (2003).

The plaintiff has the burden of establishing disability at the first four steps. Shaw v. Chater, 221 F.3d 126, 132 (2d Cir. 2000). However, if the plaintiff establishes that an impairment prevents him or her from performing past work, the burden then shifts to the Commissioner to determine if there is other work which the claimant could perform. Id.

### B. Scope of Review

The reviewing court must determine if the commissioner has applied the proper legal standards and if the decision is supported by substantial evidence. Machadio v. Apfel, 276 F.3d 103, 108 (2d Cir. 2002). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Shaw, 221 F.3d at 131 (citations omitted). It must be "more than a mere scintilla" of evidence scattered throughout the administrative record. Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); Curry v. Apfel, 209 F.3d 117, 122 (2d Cir. 2000). The ALJ must elaborate specific factors to allow the reviewing court to determine whether substantial evidence supports the decision. Ferraris v. Heckler, 728 F.2d

582, 587 (2d Cir. 1984). If the Commissioner's finding is supported by substantial evidence, it is conclusive and on review, the court cannot substitute its interpretation of the administrative record for that of the Commissioner. Yancey v. Apfel, 145 F.3d 106, 111 (2d Cir. 1998); Bush v. Shalala, 94 F.3d 40, 45 (2d Cir. 1996)

## V. Discussion

### A. Medical Evidence

McCumbers contends that he has been disabled since January 14, 1997 due to discogenic and degenerative back disorders, lower back surgery, and pending neck surgery. T. 74-75, 110-11.

In February 1996, McCumbers was diagnosed with bilateral carpal tunnel syndrome by Dr. R.J. Mutty. T. 205-06. In October 1996, Dr. Joel Amidon diagnosed McCumbers with spinal stenosis[3] after review of a Magnetic Resonance ("MR") scan. T. 208-09. In December 1996, McCumbers was diagnosed with a herniated disc with radicular symptoms and cervical spinal stenosis, and was treated with anti-inflammatories, physical therapy, and epidural injections. T. 166-67. A December 1996 Computed Topography ("CT") scan revealed a significant herniated nucleus pulposus at multiple levels with signs of radiculopathy.[4] T. 214-16. From November 1996 to January 1997, McCumbers presented with back pain radiating down the leg and paresthesias and pain in his hands which occurred with any prolonged strain or stress to his back or neck. T. 210-17.

---

[3] Stenosis is the narrowing or stricture of a duct or canal. DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 1576 (28th ed. 1994) [hereinafter DORLAND'S].

[4] Radiculopathy is a disease of the nerve roots. DORLAND'S l1404.

A January 1997 MR scan revealed a large herniated disc. T. 168-69, 264-65. In March 1997, McCumbers underwent a surgical laminectomy and discectomy.[5] T. 152-53. Post-surgery status was noted as promising and the pain no longer radiated to McCumbers' legs. T. 171, 219. From March until December 1997, McCumbers presented on several occasions with neck pain which radiated into the arms, numbness, paresthesia[6] of the fingers, weakness of upper extremities, and diminished range of cervical motion. T. 219-23. Surgical intervention to the neck was recommended by Dr. Yuan pending insurance approval. T. 221-25.

In January 1998, McCumbers had a complete resolution of back and leg pain but continued to have neck pain. T. 171. The diagnosis was disc protrusion with glioses[7] present and cord compression at C-3-4. In January 1998, Dr. Amidon noted that McCumbers had a definite permanent partial disability and recommended that McCumbers have a Functional Capacity Evaluation ("FCE") prior to surgery. T. 229. In January 1998, McCumbers presented to Dr. Walter Heap for an orthopedic consultation with neck pain and with numbness and tingling in the hands. T. 269, 271-72.  Dr. Heap noted that while McCumbers had a normal range of motion of his back, he had cervical stenosis and post-operative excision of herniated disc at L5-S1.  T. 275.  Dr. Heap concluded that McCumbers was totally disabled

---

[5] A laminecotomy is a surgical excision of the posterior arch of a vertebra. DORLAND'S 898. A discectomy is an excision of an intervertebral disk. Id. at 492. An excision is the removal, as of an organ, by cutting. Id. at 590.

[6] Paresthesia is an abnormal touch sensation such as burning, prickling, or formication, often in the absence of external stimulus. DORLAND'S 1234.

[7] Glioses is an excess of astroglia in damaged areas of the central nervous system. Also known as astrocytosis. DORLAND'S I 699. Astroglia are neurological cells of ectodermal origin. Id. at 152.

6

at that time due to a neck impairment and recommended surgery for decompression and stabilization. T. 275-76. In March 1998, Dr. Amidon noted that McCumbers had adequate function for a basic sedentary job. T. 230.

In April 1998, McCumbers presented to Dr. Edwin Russell for an orthopedic examination for disability. T. 161-64. Dr. Russell noted that McCumbers was capable of some kind of productive activity, recommended surgery, and noted that after surgery, McCumbers' rehabilitation was expected to be good. T. 163. X-rays revealed mild disc space narrowing at C3-4 and failed to reveal any other abnormalities. T. 164. McCumbers had neck surgery on April 13, 1999 for a discectomy and fusion at C 3-4. T. 277-78. In May 1999, X-rays revealed that the plate and graft were in a good position. T.278. In July 1999, McCumbers still had some neck discomfort, but the plate and graft were in excellent position and on the way to solid fusion. T. 279.

### B. Durational Requirement

McCumbers contends that the ALJ erred when he found that the symptoms following McCumbers back surgery did not last the requisite twelve-month period required by 42 U.S.C. § 1382c(a)(3)(A).

As stated above, a claimant seeking disability benefits must establish that "he [or she] is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A) (2003). Here, January 14, 1997 was the first day that McCumbers was unable to engage in substantial gainful activity due to back pain and based on the record,

7

these symptoms were resolved by January 7, 1998. T. 25, 29. The ALJ concluded that the symptoms did not last at the requisite level of severity for a continuous period of twelve months. The twelve-month period runs not from the date of diagnosis or when symptoms began, but when the claimant can no longer engage in substantial gainful activity due to the impairment. 42 U.S.C. § 1382c(a)(3)(A) (2003); Berry, 675 F.2d at 466.

McCumbers contends that the symptoms of his back impairment persisted after January 7, 1998 and cites Dr. Heap's examination in support of this contention. On January 6, 1999, Dr. Heap noted that the surgical decompression of a large herniated disc resulted in significant improvement in McCumbers' back and leg pain. T. 270. Dr. Heap also noted that while McCumbers showed marked, dramatic improvement with his back, McCumbers might be unaware of any back pain due to the chord compression in his neck. T. 271. McCumbers did not complain of back pain during the examination. Dr. Heap concluded that the degree of disability to his low back was mild to moderate, that the neck was the cause of disability, and recommended surgical intervention. T. 275.  Due to the lack of symptoms of back pain, regardless of the uncertainty surrounding whether McCumbers could feel any back pain, substantial evidence supported the ALJ's conclusion that the back problem resolved within twelve months. Additionally, there was substantial evidence to support the finding that McCumbers' sporadic complaints of back pain after January 1998 were primarily associated with continuing neck pain. T. 160, 230.

Therefore, it is recommended that the Commissioner's finding in this regard be affirmed.

### C. Combined Effect

McCumbers next contends that the ALJ failed to consider the combined effects of McCumbers' back, neck, and hand impairments. Defendant contends that the ALJ properly considered such combined effects.

Where a claimant alleges multiple impairments, the combined effects of all impairments must be considered, regardless of whether any impairment, if considered separately, would be of sufficient severity. The next inquiry is whether a claimant retained the residual functional capacity (RFC) to perform his or her past work. This inquiry must consider the combined effect of any impairments, whether or not they are severe, through the remaining steps. 20 C.F.R. § 404.1523 (2003); Dixon v. Shalala, 54 F.3d 1019, 1031 (2d Cir. 1995). All complaints must be considered together in determining the claimant's work capacity. DeLeon v. Secretary of Health & Human Servs., 734 F.2d 930, 937 (2d Cir. 1984).

Here, the ALJ considered all of McCumbers' impairments by reviewing the history and symptoms of each. The ALJ noted that the worst problems were resolved by surgery, and that even in combination, there was no disability which prevented McCumbers from performing light work. The symptoms addressed were a combination of numbness, weakness, and back and neck pain. The symptoms of the impairments did not occur at the same time and therefore, the combined effects addressed were the effects of the entire symptomatic range. Thus, the ALJ considered the range of symptoms of the combination of McCumbers' impairments and explained that the duration and symptoms of these impairments were not disabling as required under the Social Security Act.

McCumbers contends that the ALJ erred in finding that his hand impairment was not severe. An impairment is severe if it causes more than minimal functional limitations. 20

9

C.F.R. § 416.924(c) (2003). The severity analysis does no more than "screen out de minimis claims. If the disability claim rises above the de minimis level, then further analysis is warranted. See Dixon, 54 F.3d at 1030. The ALJ noted that the record concerning McCumbers' bilateral carpal tunnel syndrome was insufficient to conclude that this impairment was severe as it only minimally affected McCumbers' ability to engage in work-related activities. Therefore, the ALJ found from the evidence that there was no medical evidence that McCumbers' hand impairment was of sufficient severity to serve as the basis of eligibility for disablity benefits. In addition, the ALJ considered McCumbers' hand impairment in combination with the symptoms from his back and neck impairments in making the determination that McCumbers retained the RFC to perform light work.

Accordingly, it is recommended that the Commissioner's finding in this regard be affirmed.

### D. Treating Physician Rule

McCumbers contends that the ALJ erred in the analysis and rejection of the opinion of Dr. Amidon, his treating physician. Defendant contends that the ALJ properly considered the treating physician's opinion.

When evaluating a claim seeking disability benefits, factors to be considered include objective medical facts, clinical findings, the treating physician's diagnoses, subjective evidence of disability, and pain related by the claimant . Harris v. Railroad Ret. Bd., 948 F.2d 123, 126 (2d Cir. 1991). Under the regulations, a treating source's opinion is entitled to controlling weight if well-supported by medically acceptable clinical and laboratory diagnostic techniques and is consistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(d)(2) (2003); Shaw, 221 F.3d at 134. Before a treating physician's opinion can be

discounted, the ALJ must provide "good reasons." Schaal v. Apfel, 134 F.3d 496, 505 (2d Cir. 1998).

The ALJ is required to assess the following factors in determining how much weight to accord that opinion: (1) the frequency of examination and the length, nature, and extent of the treatment relationship; (2) the evidence in support of the opinion; (3) the opinion's consistency with the record as a whole; (4) whether the opinion is from a specialist; and (5) other relevant factors. Schaal, 134 F.3d at 504. If other evidence in the record conflicts with the opinion of the treating physician, this opinion will not be deemed controlling or conclusive, and the less consistent is the opinion, the less weight it will be given. Snell v. Apfel, 177 F.3d 128, 134 (2d Cir. 1999). Ultimately, the final determination of disability and a claimant's inability to work rests with the Commissioner. 20 C.F.R. §§ 404.1527(e), 416.927(e) (2003).

The record reflects that Dr. Joel Amidon, McCumbers' family physician, treated McCumbers beginning October 28, 1996 for pain and numbness in his neck, back, and hands. T. 208. Dr. Amidon made a diagnosis of spinal stenosis with a significant neuropathy, recommended surgical intervention, and noted that McCumbers' occupation as an electrician exacerbated the spinal stenosis. T. 211. In February 1997, Dr. Amidon reported that McCumbers was "totally disabled" as of January 27, 1997 due to a herniated nucleas polup at L5-S1. T. 200. The description of the total disability was for insurance purposes and was qualified with "at this time." Disability for social security purposes requires a duration of twelve months and, therefore, this opinion must be considered against the subsequent opinions of Dr. Amidon because it was given only one month after McCumbers ceased working. Additionally, this opinion was given prior to McCumbers' back and neck surgery. While there may have been a period when McCumbers could engage in only sedentary work,

the ALJ noted that McCumbers was able to engage in light exertion through August 1998 with the exception of early 1999 when he may have been limited to work at the sedentary level. Therefore, in this regard the ALJ actually followed Dr. Amidon's assessment. T. 27.

In October 1997, after McCumbers back surgery, Dr. Amidon noted that McCumbers was not likely to be able to return to his previous job but might find sedentary or light duty work appropriate and could possibly return to some sort of work. T. 225. In January 1998, Dr. Amidon noted that McCumbers had a definite permanent partial disability but the function and motion of his spine was good. T. 229. In March 1998, Dr. Amidon concluded that McCumbers had adequate function for a basic sedentary job. T. 230. The ALJ agreed with Dr. Amidon, stating that McCumbers could not perform past work but could perform light or sedentary work. Contrary to McCumbers' contentions, then, the ALJ did not rely solely on non-examining agency physicians as his assessment that McCumbers could perform light work followed Dr. Amidon's ultimate and most recent assessment. Thus, the ALJ gave controlling weight to the opinion of McCumbers' treating physician. These findings were consistent with the medical record as well as the opinions of other physicians.

Therefore, it is recommended that the Commissioner's finding in this regard be affirmed.

### E. Pain and Credibility

McCumbers contends that the ALJ's conclusion that his subjective complaints of pain were not credible is not supported by substantial evidence. Defendant contends that the ALJ properly considered McCumbers' complaints of pain and correctly found McCumbers' subjective complaints were not credible.

The basis for establishing disability includes subjective complaints of pain even where

12

the pain is unsupported by clinical or medical findings, provided that the underlying impairment can be "medically ascertained." 20 C.F.R. § 404.1529 (2003); Snell v. Apfel, 177 F.3d 128, 134 (2d Cir. 1999). A finding that a claimant suffers from disabling pain requires medical evidence of a condition that could reasonably produce pain. An ALJ must consider all symptoms, including pain, and the extent to which these symptoms can reasonably be expected to be consistent with the medical and other evidence. 20 C.F.R. § 404.1529 (2003); Martone v. Apfel, 70 F. Supp. 2d 145, 150 (N.D.N.Y. 1999) (Hurd, J.). Pain is a subjective concept "difficult to prove, yet equally difficult to disprove" and courts should be reluctant to constrain the Commissioner's ability to evaluate pain. Dumas v. Schweiker, 712 F.2d 1545, 1552 (2d Cir. 1983).

A claimant's credibility and motivation as well as the medical evidence of impairment are used to evaluate the true extent of the alleged pain and the degree to which it hampers the applicant's ability to engage in substantial gainful employment. See Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1978); Lewis v. Apfel, 62 F. Supp. 2d 648, 653 (N.D.N.Y. 1999) (Kahn, J.). If there is conflicting evidence about a claimant's pain where the degree of pain complained of is not consistent with the impairment, the ALJ must make credibility findings. Donato v. Secretary of HHS, 721 F.2d 414, 418-19 (2d Cir. 1983). The ALJ must consider several factors pursuant to 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3):

> (i)  [The claimant's] daily activities;
>
> (ii)  The location, duration, frequency, and intensity of [the claimant's] pain or other symptoms;
>
> (iii) Precipitating and aggravating factors;
>
> (iv)  The type, dosage, effectiveness, and side effects of any medication [the claimant] take[s] or ha[s] taken to alleviate . . .

13

>   pain or other symptoms;
>
>   (v) Treatment, other than medication, [the claimant] receive[s] or
>   ha[s] received for relief of . . . pain or other symptoms;
>
>   (vi) Any measures [the claimant] use[s] or ha[s] used to relieve . . .
>   pain or other symptoms (e.g., lying flat on [his] back, standing for
>   15 to 20 minutes every hour, sleeping on a board, etc.); and
>
>   (vii) Other factors concerning [the claimant's] functional limitations
>   and restrictions due to pain or other symptoms.

20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) (2003).

In the present case, McCumbers stated that he was able to wash dishes, watch television, sweep the floor, vacuum, walk up to one mile, and sit for thirty minutes before his back became stiff and his leg went to sleep, and that those symptoms resolved when he moved. McCumbers testified that his back did not inhibit him in the summer of 1997. These problems returned but lessened after the neck surgery, which occurred one week prior to the hearing before the ALJ. McCumbers testified that in December 1998, he went hunting. The ALJ also considered this testimony in addition to clinical findings, medical treatment, assessments of the treating surgeons and family physicians, none of which made a finding that McCumbers was totally disabled post-surgery, and expert medical record examiners. The ALJ then concluded that McCumbers' allegations of totally disabling symptoms were not credible.

The ALJ found that other than a short period following surgery, McCumbers remained able to engage in light exertional level work. He also noted that due to loss of feeling in his hand before October 1998 and April 1999, McCumbers could only perform sedentary work, but by April 1999, he retained the ability to do light work. The ALJ properly considered the effects of McCumbers' surgery and his complaints of pain in finding that McCumbers retained

the RFC adequate to permit him to perform work in a full range of either light or sedentary work. This finding was supported by substantial evidence in the record.

Therefore, it is recommended that the Commissioner's finding in this regard be affirmed.

### VI. Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that the decision denying disability benefits be **AFFIRMED**, and McCumbers' motion for a finding of disability be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85 (2d Cir. 1993) (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

DATE: January 4, 2005  
      Albany, New York

_David R. Homer_  
United States Magistrate Judge